IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DENA B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:18-cv-00141 |
| | ) |
| ANDREW SAUL, Commissioner, Social | ) By: Elizabeth K. Dillon |
| Security Administration,[2] | ) United States District Judge |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Plaintiff Dena B. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her claim for social security income (SSI) and disability insurance benefits (DIB) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On May 23, 2019, the magistrate judge issued his R&R, finding that the administrative law judge's (ALJ) decision was not supported by substantial evidence and recommending that this matter be remanded for further proceedings. (Dkt. No. 22.) The Commissioner filed a timely objection on June 3, 2019. (Def.'s Obj., Dkt. No. 23.)

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant, in part, Dena's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand this case for further proceedings.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–7.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

2

447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

**B. Analysis**

After finding that Dena suffered from the severe impairments of depression, anxiety, and poly-substance abuse, the ALJ determined that Dena retained the residual functional capacity (RFC) to perform light work. Specifically, the ALJ found that Dena can perform light work except she "can only perform simple, routine and repetitive tasks but not at a production rate pace (such as assembly line work)." (R. 216.) The ALJ further limited Dena to "simple, work-related decisions;" Dena "can only respond appropriately to occasional changes in a routine work setting;" and Dena "can only occasionally respond appropriately to coworkers, supervisors and the public." (*Id.*)

The magistrate judge reasoned that the ALJ's RFC was similar to the one at issue in *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2017), which excluded "work requiring a production rate or demand pace." The *Thomas* court ordered a remand because the ALJ "did not give us enough information to understand what those terms mean. That makes it difficult, if not impossible, for us to assess whether their inclusion in Thomas's RFC is supported by substantial evidence." *Id.* at 312. The court also found that the ALJ "drew no explicit conclusions about how Thomas's mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the Administration's own regulations." *Id.* The R&R stated: "Here, as in *Thomas*, the ALJ stated that Dena could perform simple, routine and repetitive tasks but not at a production pace (such as assembly line work), but did not give information to explain what the term 'production pace' means." (R&R 8.) "The ALJ also did not discuss, nor did the state agency medical opinions address, whether Dena could perform the

3

job-related tasks on a sustained basis for a full workday." (R&R 8–9.) Thus, the magistrate judge recommended remand because the "failure of the ALJ to explain exactly what a production rate pace means, and to establish that Dena can perform the work set forth in the RFC on a sustained basis frustrates my ability to conduct meaningful appellate review." (R&R 9.)

The Commissioner argues that the ALJ adequately addressed Dena's ability to work on a sustained basis for the following reasons: (1) the ALJ explained that although Dena would experience moderate difficulties in concentration, persistence, or pace, the "mental status examinations largely revealed that the claimant's attention and concentration were fair or good when taking her medication as prescribed," (R. 215); (2) the ALJ stated that "while there is some evidence in deficits in concentration/completing tasks . . . these allegations are not present to the extent alleged," (R. 219); (3) the ALJ afforded some weight to state agency psychologist David Deaver, who opined that despite moderate limitations in concentration, persistence, or pace, Dena could maintain at least two-hour intervals of concentration while performing simple, 1–3 step tasks; and (4) the ALJ noted that Dr. Deaver concluded that Dena "is capable of simple, unskilled, non-stressful tasks on a consistent basis." (R. 220.)

From these items, the Commissioner argues that the court can track the ALJ's rationale from evidence to conclusion with a "logical explanation." The Commissioner likens this case to *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017), where the ALJ credited an agency opinion that the claimant "would generally be able to maintain attention for at least two hours at a time as needed to do simple, routine tasks and was thus mentally capable of independently performing basic, routine tasks on a sustained basis." *Id.* at 81–82. Another doctor stated that the claimant could "understand, retain, and follow simple instructions" and "show sustained attention to perform simple repetitive tasks." *Id.* at 82. "The opinions of these two doctors thus provided

4

substantial support for the ALJ's finding that, despite [claimant's] overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to stay on task while performing simple one, two-step tasks, as long as he was working in low stress non-production jobs with no public contact." *Id.*

The magistrate judge distinguished *Sizemore* because while the ALJ credited state agency psychologists Dr. Deaver and Dr. Linda Daugherty (*see* R. 220), neither provided an opinion about Dena's ability to work on a sustained basis. The Commissioner disagrees because the supplied form (a Mental Residual Functional Capacity Assessment) asks to "[e]xplain in narrative form the *sustained* concentration and persistence capacities and/or limitations" with respect to the "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. 260, 271 (emphasis added).) Even so, the magistrate judge was correct in noting that neither doctor opined about "Dena's ability to perform tasks *on a sustained basis* for an 8 hour workday." (R&R 9 (emphasis added).) Instead, Dr. Deaver stated that Dena could "perform simple 1-3 step tasks" and could "maintain at least 2 hour intervals of concentration." (R. 271.) Dr. Daugherty similarly said nothing about staying on task for a full workday.[3] Therefore, the court agrees with the magistrate judge that *Sizemore* is distinguishable from the instant case.

The magistrate judge also found, relying on *Thomas*, that the ALJ's failure to "explain exactly what production rate pace means" frustrates the ability to "conduct meaningful review, requiring remand." (R&R 9.) The Commissioner attempts to distinguish *Thomas* by noting that

---

[3] Dr. Daugherty responded: "Claimant with diagnoses of depression. She doesn't have any history of hospitalization. She reported of having hallucination [in] recent exam. She may have difficulty following complex instructions but she is able to follow simple instructions." (R. 260.)

5

the ALJ offered further explanation for what he meant by "production rate pace" by giving an example: "such as assembly line work." (R. 216.) This qualification offers little clarity in terms of the type of work the ALJ meant to exclude from the RFC. Without an explanation as to what the ALJ meant by "production rate pace," or how that limitation addressed Dena's mental limitations, the court cannot conclude that the Commissioner's decision is supported by substantial evidence. *See Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (remanding because the term "non-production oriented work setting" is not "commonly used in our case law or otherwise self-explanatory") (citing *Thomas*, 916 F.3d at 311–12). Therefore, the court agrees with the magistrate judge that remand is required for a "clearer window" into the ALJ's reasoning because without further explanation, the court cannot tell whether the RFC finding restricting Dena to jobs that do not require "production rate pace (such as assembly line work)" properly accounts for her moderate limitations in concentration, persistence, and pace. *Thomas*, 916 F.3d at 313.

For these reasons, the court will overrule the Commissioner's objections and remand for further proceedings.

### III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the court will overrule the Commissioner's objections and adopt the magistrate judge's recommendation that this case be remanded for further proceedings. The court will therefore grant, in part, Dena's motion for summary judgment and deny the

Commissioner's motion for summary judgment.

An appropriate order will be entered.

Entered: September 24, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge